UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDWIN E. TORRES,<br><br>Defendant. | Case No. 1:23-cr-00219-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Edwin E. Torres' Motion to Dismiss the Indictment Under the Second Amendment (Dkt. 21). On August 8, 2023, the Government charged Edwin E. Torres, with two counts of Unlawful Possession of a Firearm, 18 U.S.C. § 922(g)(1), (Dkt. 2) Torres has two prior predicate felony convictions. Torres asserts his indictment violates his constitutional rights under the Supreme Court's decision rendered in *New York Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022). He moves to dismiss the indictment. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On July 24, 2023, the City-County Narcotics Unit (CCNU) received information from a confidential informant (CI) that Edwin Torres had a large amount of fentanyl that he was trying to sell. The CI observed Torres carrying a black pistol in the waistband of his pants and saw him with several large bags filled with blue pills consistent with fentanyl. The next day, CCNU sought and obtained a search warrant for Torres' home. The search was executed on July 26, 2023. Law enforcement found Torres in his bedroom.

In Torres's bedroom, law enforcement also found a 10-22 Ruger Rifle with a drum magazine in the center of the bed, a small amount of methamphetamine, a scale, four cell phones, and an open white safe containing two 9mm rounds. A black semi-automatic 9mm Palmeto State Armory pistol with a pistol mounted flashlight was found in a drawer under the bed in another room. Fourteen rounds of 9mm ammunition were removed from the magazine, and one from the chamber. The rounds seemed consistent with the ammunition found in the safe.

Torres has two prior felony convictions: (1) felony battery on a law enforcement officer in violation of Idaho Criminal Code 18-915(3) in CR-2015-23724; and (2) unlawful possession by a convicted felon in violation of Idaho Criminal Code 18-3316(1) in CR14-20-14918.

## LEGAL STANDARD

Rule 12(b) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact. *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993). Although the court may make preliminary factual findings necessary to decide legal questions presented by a motion, the court may not invade the jury's province. *Id.* "[A] motion requiring factual determinations may be decided before trial if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (quotation omitted). Under this standard, "the district court must decide the issue raised in the pretrial motion before trial if it is entirely segregable from the evidence to be presented at trial." *Id.* (quotation omitted).

A defendant may seek dismissal of an indictment on the grounds that the statute authorizing the charges is unconstitutional. Such a challenge may be either a facial or an as-applied attack to the statute's constitutionality. To succeed on a facial attack, the moving party must demonstrate "no application of the statute would be constitutional." *Sabri v. United States*, 541 U.S. 600, 609 (2004).

Conversely, an as-applied challenge is based on a developed factual record and the statute's application to the defendant. *Spence v. Washington*, 418 U.S. 405, 414 (1974). In this case, Torres asserts § 922(g)(1) is facially unconstitutional.

## DISCUSSION

In *Bruen*, the Supreme Court held that the Second Amendment protects the right of "ordinary, law- abiding citizens" to "carry a handgun for self-defense outside the home." *Bruen*, 597 U.S. at 10. In reaching this conclusion, the Supreme Court rejected the "two-step" framework adopted by most courts of appeals—including the Ninth Circuit— "for analyzing Second Amendment challenges that combines history with means-end scrutiny." *Id.* at 24. In its place, the Supreme Court articulated a new analytical framework for determining whether a particular firearm regulation violates the Second Amendment: Courts must first determine whether the "Second Amendment's plain text covers an individual's conduct." *Id*. If so, the Constitution presumptively protects that conduct, and the government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id*. If the government cannot meet this burden, then the individual's firearm-related conduct falls within the Second Amendment's "unqualified command" and is protected. *Id.*

In *District of Columbia v. Heller*, the Supreme Court recognized an individual right under the Second Amendment to keep and bear arms with the explicit limitation that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons ...." 554 U.S. 570, 626 (2008). The Court went on to describe regulations prohibiting felons from possessing firearms as "presumptively lawful," *id.* at 626 n.26, and explained that "there will be time enough to expound upon the historical justifications" for such a prohibition, *id*. at 635. *See also McDonald v. Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons ...."). Relying on Heller, courts of appeals, including the Ninth Circuit, have uniformly upheld the constitutionality of § 922(g)(1). *See Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014) ("§ 922(g)(1) continues to pass constitutional muster"); *United States v. Vongxa*y, 594 F.3d 1111, 1118 (9th Cir. 2010) ("§ 922(g)(1) does not violate the Second Amendment as it applies to Vongxay, a convicted felon").

Unless that Ninth Circuit precedent is overruled, it binds the Court and requires the denial of Torres's motion. Ninth Circuit precedent is "effectively overruled" when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller*

*v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc). "The clearly irreconcilable requirement is a high standard." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (quotation omitted). "[I]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Id.* (quotation omitted).

The present motion therefore hinges on whether *Bruen* "effectively overruled" *Heller* and *Vongxay*. The Court concludes it did not. *Bruen* did not repudiate *Heller's* list of "presumptively lawful" firearm regulations, including those regulations prohibiting felons from possessing firearms. In fact, at least five justices indicated their explicit intent to preserve *Heller's* listing. Justice Kavanaugh, joined by Chief Justice Roberts, wrote a concurring opinion to "underscore" that *Bruen* did not upset the Court's holdings in *Heller* that "[n]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Bruen*, 597 U.S. at 79-81 (quoting *Heller*, 554 U.S. at 626-27). In dissent, Justice Breyer, joined by Justices Kagan and Sotomayor, wrote that *Bruen* "cast[s] no doubt on" *Heller's* treatment of laws prohibiting firearms possession by felons. *Id.* at 129 (Breyer, J., dissenting). Although the majority opinion did not address the issue specifically, it confirmed its holding was soundly "in keeping with *Heller*." *Id.* at 17. Given the

language in *Bruen* evincing an intent to preserve *Heller*, its holding is not "clearly irreconcilable" with *Heller* or pre-*Bruen* Ninth Circuit cases that have relied on its "presumptively lawful" language to uphold the constitutionality of felon disarmament laws.

In an analogous case, decided as recently as eight months ago, the Ninth Circuit, in an appeal from this Court, rejected a *Bruen* challenge to the application of USSG § 2D1.1(b)(1) which provides for a 2-level enhancement if a firearm is possessed in connection with a drug trafficking offense "unless it is clearly improbable that the weapon was connected with the offense." *United States v. Alaniz*, 69 F.4th 1124, 1130 (9th Cir. 2023).

In an even more recent decision, the District Court of Alaska noted that every district court within the Ninth Circuit since *Bruen* has upheld the constitutionality of § 922(g)(1). *United States v. Roberts*, No. 323CR00057TMBKFR1, 2024 WL 50889, at *6 (D. Alaska Jan. 4, 2024). The court in *Roberts* further noted that, although the Ninth Circuit has yet to weigh in, "of those circuits that have directly decided the issue, the Fifth, Seventh, Eighth, and Tenth Circuits also have upheld § 922(g)(1)." *Id.* Among those district court decisions are several from this Court. *See, e.g., Keefer v. United States*, No. 3:22-CR-00081-BLW, 2024 WL 915161 (D. Idaho Mar. 4, 2024); *United States v. Saba*, No. 1:22-CR-00248-AKB, 2023 WL 5333255 (D. Idaho Aug. 17, 2023);

*United States v. Wondra*, 2022 WL 17975985 (D. Idaho Dec. 27, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022).

Despite the numerous cases in this District and other districts within the Ninth Circuit upholding the c constitutionality of § 922(g)(1), Torres asks the Court "to reconsider its decision not to scrutinize the history of felon-in-possession statutes," relying on an unpublished, out-of-Circuit district court case, *United States v. Taylor*, No. 23-CR-40001-SMY, 2024 WL 245557, (S.D. Ill. Jan. 22, 2024). In that case, the court held that the defendant was included in "the people" protected by the Second Amendment, and none of the historical laws offered a "comparable burden" on the convicted felon's right to bear arms. *Id.* at *4.

But this case is not binding in the Ninth Circuit and as noted, is contrary to the vast majority of cases addressing the issue. Moreover, this Court respectfully disagrees with the court's reasoning in *Taylor* to extent that court would find Torres within the "people" protected by the Second Amendment. Torres' conviction of a serious and violent felony, battery on a law enforcement officer, removes him from the category of "ordinary, law-abiding" citizens. As the Ninth Circuit held in *Vongxay,* "felons are categorically different from the individuals who have a [Second Amendment] right to bear arms." *Vongxay*, 594 F.3d at 1115; *see also Medina v. Whitaker*, 913 F.3d 152, 159 (D.C. Cir. 2019) ("On balance, the historical evidence and the Supreme Court's discussion of felon disarmament laws

leads us to reject the argument that non-dangerous felons have a right to bear arms."). In short, the Court concludes that *Bruen's* reasoning is not clearly irreconcilable with the reasoning of *Heller* and *Vonxgay*, and therefore the Court remains bound to follow that *Ninth Circuit* precedent if and until such precedent is overruled. The Court therefore declines to scrutinize the history of felon-in-possession statutes.

## ORDER

**IT IS ORDERED that** Defendant Edwin E. Torres' Motion to Dismiss the Indictment Under the Second Amendment (Dkt. 21) is **DENIED**.

DATED: April 10, 2024

_____
B. Lynn Winmill
U.S. District Court Judge